IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 11-172
)
EMERSON WINFIELD BEGOLLY )

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and James T. Kitchen, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A Federal Grand Jury in the Eastern District of Virginia has returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|-------|--------------|---------------|
| 1 | Solicitation of a Crime of Violence | 18 U.S.C. §373(a) |
| 2 | Distribution Of Information Relating to Explosives | 18 U.S.C. § 842(p) |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of solicitation of a crime of violence, in violation of 18 U.S.C. § 373(a), to be established,

the government must prove all of the following essential elements beyond a reasonable doubt:

> 1.    The defendant had the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or the person of another; and

> 2.    The defendant endeavored to persuade another person to engage in the conduct that constituted the crime under circumstances that strongly corroborate evidence of that intent.

*United States v. Cardwell*, 433 F.3d 378, 390 (4th Cir. 2005).

**B.   As to Count 2:**

In order for the crime of distribution of information relating to explosives, in violation of 18 U.S.C. § 842(p), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

> 1.    The defendant distributed information pertaining to, in whole or in part, the manufacture or use of an explosive, destructive device, or weapon of mass destruction; and

> 2.    The defendant acted with the *intent* that the information be used for, or in furtherance of an activity that constitutes a Federal crime of violence.

### III.   PENALTIES

**A.   As to Count 1: Solicitation of a Crime of Violence (18 U.S.C. § 373(a)):**

1.   A term of imprisonment of not more than ten (10) years.

2.   A fine not greater than $125,000.

3.   A term of supervised release not greater than three (3) years.

4.   Any or all of the above.

**B.   As to Count 2:  Distribution of Information Relating to Explosives (18 U.S.C. § 842(p)):**

1.   A term of imprisonment of not more than twenty (20) years. (18 U.S.C. §844(a)(2))

2.   A fine of $250,000 (18 U.S.C. § 3571(b)(3)).

3.   A term of supervised release of not more than five (5) years (18 U.S.C. §§ 3583(b)(1), 3559(a)(1)).

4.   Any or all of the above.

### IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V.   RESTITUTION

Not applicable in this case.

## VI.   FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney


/s/ James T. Kitchen
JAMES T. KITCHEN
Assistant U.S. Attorney
PA ID No. 308565